

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Epcon Group Inc v. Danburry Farms Inc

Precedential or Non-Precedential:

Docket 0-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Epcon Group Inc v. Danburry Farms Inc" (2002). *2002 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-3283

_____

EPCON GROUP, INC.; EPMARK, INC.

v.

DANBURRY FARMS, INC.; DANBURRY FARMS, L.P.;
CAMBRIDGE MANOR, INC.; BARRINGTON MANOR, INC.;
RICHARD E. HARTUNG; ASHFORD DEVELOPMENT COMPANY;
ASHFORD REALTY COMPANY; ASHFORD REALTY, INC.;
A.M.F. MANAGEMENT, INC.; JOHN DOES (1-10);
JOHN DOES, INC. (1-10); CAMBRIDGE MANOR, L.P.;
BARRINGTON MANOR, L.P.; QUADPLEX PARTNERS ONE;
D.B. DEVELOPMENT, INC.; FRANK TOMINAC; LOUIS MOLNAR

Cambridge Manor, Inc.; Richard E. Hartung; Ashford Development Company,
Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 96-1236)
District Judge: Honorable Gary L. Lancaster

_____

Argued January 16, 2002

BEFORE: SCIRICA, GREENBERG, and BRIGHT,  Circuit Judges

(Filed: February 5, 2002)

Frederick N. Egler, Jr.
Egler, Garrett & Egler
428 Forbes Avenue
2100 Lawyers Building
Pittsburgh, PA  15219

Michael G. Long (Argued)
Kimberly W. Herlihy
Vorys, Sater, Seymour & Pease
52 East Gay Street
Columbus, OH  43216

Attorneys for Appellees, Epmark
Group,
Inc. and Epmark, Inc.

Lawrence G. Zurawsky (Argued)
Zurawsky & Associates
600 Allegheny Building
Pittsburgh, PA  15219

Lee R. Golden
P.O. Box 8162
Pittsburgh, PA  15217

Attorneys for Appellants

Roger G. Rulong
Vollmer, Rulong & Associates, P.C.
Grant Building
Suite 1212
Pittsburgh, PA  15219

Attorney for Appellee, Frank
Tominac

————

MEMORANDUM OPINION OF THE COURT
————

GREENBERG, Circuit Judge.
     This matter comes on before the court on appeal from an order of the district
court entering judgment in favor of plaintiffs and against defendants on February 24,
2000, and from an order of the district court entered February 29, 2000, denying the
defendants' motion for a new trial or for judgment as a matter of law. For the reasons set
forth below, we will affirm.

I.   BACKGROUND AND PROCEDURAL HISTORY
     In 1986, Edward Bacome and Philip Fankhauser, the principals of the Epcon
Group, Inc. and Epmark, Inc. (collectively "Epcon"), Ohio corporations, began designing
architectural plans for ranch-style four-plex condominiums.  In the late 1980's, Epcon
developed several projects in Ohio based on their plans, including projects known as Deer
Run, Greystone Manor, Bayberry and Trotters Chase.  Epcon then licensed its
development system, including its architectural plans, to third-party real estate
developers.
     On May 18, 1989, Epcon entered into a licensing agreement with Ashford
Development Company, signed on behalf of Ashford by its vice president, Richard E.

Hartung, for Ashford's use of Epcon's architectural designs, confidential information and copyright written material in a development called Ashford Manor located in Cranberry Township, Pennsylvania. See supp. app. at 41a–42a; Appellants' Br. at 6. Then, in 1992, without a license agreement, Hartung used Epcon's plans to develop a second project called Cambridge Manor in Springdale Township, Pennsylvania. See supp. app. at 59a, 62a. When Epcon discovered that its plans were used in the latter project, it sued a number of defendants including appellants Richard E. Hartung, Cambridge Manor, Inc. and Ashford Development Company (collectively "Hartung").

Epcon filed its complaint in July 1996 in the district court alleging, inter alia, that Hartung infringed Epcon's copyright in violation of 17 U.S.C. 101, et seq. (the "Copyright Act"), and misappropriated its trade secrets. Following a trial in February 2000, the jury on February 11, 2000, returned a verdict in Epcon's favor, awarding it $114,735.15 in compensatory and $68,571.00 in punitive damages. The court entered judgment on the verdict on February 24, 2000, and on February 29, 2000, denied Hartung's motion for a new trial or judgment as a matter of law under Fed. R. Civ. P. 50 and 59. Hartung then timely appealed.

## II. DISCUSSION

Hartung first asserts that the district court erroneously held that Epcon did not publish its drawings – a critical point for if it had, it might have lost its copyright protection. See 17 U.S.C. 405. He argues that the district court, finding that the evidence showed that Epcon only submitted material to the appropriate municipal agencies, ignored evidence that Epcon's drawings were distributed to "prospective contractors, banks and lending institutions, potential home buyers, and potential licensees." See Appellants' Br. at 5, 8 and 15. He further asserts that Epcon submitted its drawings to the Columbus, Ohio, City Council for the Deer Run project in 1986 without a copyright notice. See id. at 7–8. Thus, Hartung contends that because distribution occurred before 1988, see 17 U.S.C. 405(b), and because not all copies of Epcon's plans bore copyright notices, the district court erred in finding that Epcon did not publish its work.

However, Hartung does not cite case law to support his assertion that distribution limited to necessary third parties, such as subcontractors or lending institutions, constitutes publication. See Kunycia v. Melville Realty Co., 755 F. Supp. 566, 574 (S.D.N.Y. 1990) (stating that distribution "to those persons without whose participation the plans could not be given practical effect," including contractors, landlords and building authorities, was not publication). Moreover, at the close of the evidence, Hartung admitted that the only evidence of publication was Epcon's distribution of its drawings to government agencies. See app. at 63a, 65a, 66a and 67a. Such "judicial admissions are binding for the purpose of the case in which the admissions are made including appeals." Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972). Relying on the representations of Hartung's counsel, the district court found that "[t]he only evidence of distribution contained in the record of this case indicates that plaintiffs have submitted copies of the plans to the appropriate governmental authorities for purposes of obtaining the required building permits. No further evidence of further distribution to the general public has been introduced." Supp. app. at 69a–70a. Accordingly, we reject Hartung's publication argument.

Hartung next contends that the district court erred in not setting aside the jury's award of punitive damages, asserting that the jury improperly may have based its award on Epcon's copyright infringement claim rather than the misappropriation of trade secrets claim. Despite his assertion, Hartung recognizes that the district court instructed the jury that it properly could award punitive damages only if it found liability with respect to Epcon's trade secrets claim and could not award punitive damages on its copyright claim. See Appellants' Br. at 9. Nonetheless, he argues that the instructions and verdict slip "make it impossible to determine the basis for the jury's awarding punitive damages in the amount of $68,571 and further impossible to determine whether any portion thereof arose from a finding of liability on the copyright infringement claim." Id. at 9. Hartung's contention is entirely without merit.

Hartung neither objected to the jury instructions nor to the form of the verdict

slip. See Appellants' Br. at 9. See also Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1288-89 (3d Cir. 1995) (describing procedure for preserving objection to jury charge); Fed. R. Civ. P. 51 (stating that "a party may not assign as error defects in jury instructions unless the party distinctly stated its objection before the jury retired to consider its verdict"). Instead, he cites BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589 (1996), and Shiner v. Moriarty, 706 A.2d 1228 (Pa. Super. Ct. 1998), arguing that it is "impossible to determine that none of the punitive damages were awarded as a result of the finding of liability for copyright infringement." Appellants' Br. at 19.

BMW of North America, however, stands for the proposition that the due process clause of the Fourteenth Amendment is violated when a punitive damage award is "grossly excessive" in relation to a state's legitimate interests in punishing unlawful conduct and deterring its repetition. See 517 U.S. at 568, 116 S.Ct. at 1595 (reversing $2,000,000.00 punitive damages award where actual harm to plaintiff was $4,000.00). Accordingly, BMW of North America addresses an issue distinct from that here. Moreover, the jury awarded Epcon $114,735.15 in compensatory damages and $68,571.00 in punitive damages and thus is not a case where the relationship of the actual harm to the award of punitive damages is so disproportionate as to shock this court's "constitutional sensibilities." Shiner, 706 A.2d at 1242 (citation omitted). Consequently, BMW of North America does not aid Hartung even on the point it addressed.

Likewise, Shiner does not help Hartung. In Shiner, the jury awarded punitive damages after finding for the plaintiffs on all three counts of their complaint. See 706 A.2d at 1234. However, on appeal, the Superior Court of Pennsylvania determined that the defendants' motion for judgment notwithstanding the verdict should have been granted as to two of the three claims. The court recognized that the jury's award of punitive damages had been made collectively on the basis of all three theories of recovery, without regard to each specific claim. See id. at 1242. Thus, the jury could properly assess damages only on the sole remaining claim, leading the court to hold that

inasmuch as it was not possible to determine from the verdict slip which portion of the damages was attributable to that claim, a new trial on damages was required.

In contrast, in this case the jury returned a verdict in Epcon's favor on both its copyright claim and on its misappropriation of trade secrets claim. Both the jury instructions and the verdict slip made it clear that the award of punitive damages only related to the trade secrets misappropriation claim. The court stated: "you may not award punitive damages with respect to plaintiffs' copyright claim; you may only consider punitive damages in connection with plaintiffs' claim for misappropriation of trade secrets." App. at 23a. The verdict slip also linked punitive damages only to the trade secrets claim: "Question four: The jury, having found in favor of the plaintiff and against defendant Richard E. Hartung on the misappropriation of trade secrets claim, awards plaintiffs punitive damages in the amount of $68,571." App. at 25a. Regardless of whether the verdict slip linked Epcon's claims as to the award of compensatory damages, the instructions and the verdict slip are both clear and unambiguous with regard to punitive damages. They do not misstate the law and would not mislead a jury, who is assumed understand and follow the court's instructions. See, e.g., Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 105 (3d Cir. 1993) (citations omitted). Accordingly, the judgment of February 24, 2000, and the order of February 29, 2000 will be affirmed.

————

TO THE CLERK:

Please file the foregoing memorandum opinion.

/s/Morton I. Greenberg
                    Circuit Judge